IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JORDAN STAMPERD,

      Plaintiff,

v.                                                    Case No. 2:24-cv-00731

WEXFORD HEALTH SOURCES, INC., *et al.*,

      Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is the West Virginia Division of Corrections and Rehabilitation's Motion to Set Aside Entry of Default [ECF No. 40]. This matter is assigned to the undersigned United States District Judge, and it is referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the Court, the referral of this motion to Magistrate Judge Tinsley is **WITHDRAWN** and the undersigned will proceed to rule on the pending motion. However, this civil action will otherwise remain referred to Magistrate Judge Tinsley for further proceedings.

## I.    Relevant Procedural History

The summons for Defendant West Virginia Division of Corrections and Rehabilitation ("WVDCR") was served on December 12, 2025. [ECF No. 33]. However, no timely responsive pleading was filed by the WVDCR. Consequently, on

March 25, 2026, Magistrate Judge Tinsley directed that default be entered against the WVDCR, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. [ECF Nos. 38 and 39]. Judge Tinsley's Order and Notice specifically noted that the entry of default was not a default judgment under Rule 55(b)(2). [ECF No 38 at 2].

On March 28, 2026, the WVDCR, by counsel, moved to set aside the entry of default under Rule 55(c) of the Federal Rules of Civil Procedure. [ECF No. 40]. Plaintiff has not opposed the motion to set aside entry of default, but was not specifically ordered to do so. Despite being granted a continuance and stay of this matter until May 26, 2026 to seek counsel, on April 10, 2026, Plaintiff filed what appears to be a fugitive "Response to Motion to Dismiss" that appears to address the claims against the WVDCR. [ECF No. 43]. As the WVDCR has not yet filed a responsive pleading or motion, it is hereby **ORDERED** that Plaintiff's fugitive response [ECF No. 43] is **STRICKEN** from the record. Should the WVDCR subsequently file a motion to dismiss, Plaintiff will be given an opportunity to respond thereto at the appropriate time.

## II.    Discussion

At the discretion of the Court, Rule 55(c) of the Federal Rules of Civil Procedure permits the setting aside of an entry of default for "good cause." Fed. R. Civ. P. 55(c). Pursuant to *Rasmussen v. American Nat'l Red Cross*, 155 F.R.D. 549 (S.D.W. Va. 1994), where default has been entered, but judgment has not, a motion to set aside default is governed by a liberal good cause standard, rather than by the more restrictive standard for relief from judgment. The United States Court of Appeals for

the Fourth Circuit has established that district courts should consider the following factors in considering motions to set aside default pursuant to Rule 55(c): "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). [ECF No. 40 at 4].

The Fourth Circuit has further emphasized that default judgments are disfavored and that claims should generally be resolved on their merits. *See, e.g., Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.,* 616 F.3d 413 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."); *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (cautioning that "dismissal without deciding the merits is the most extreme sanction, [and] a court must ... exercise its inherent power to dismiss with restraint . . . ."). Consequently, "'an extensive line of decisions' has held that Federal Rule of Civil Procedure 55(c) must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)). As noted by Defendants' motion, "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Id.* (citing *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383

3

F.2d 249, 251 (4th Cir. 1967)); *see also United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). [ECF No. 40 at 3-4].

The WVDCR contends that it is unclear who is responsible for this default among the WVDCR, the Board of Risk & Insurance Management, which makes coverage determinations, or its third-party administrator, AIG, which assigns counsel. [ECF No. 40 at 11]. Nonetheless, upon receiving notice of the entry of default herein, the WVDCR took steps to employ counsel to represent its interests and filed the instant motion to set aside entry of default within three days, thus acting with reasonable promptness. *See, e.g., United States v. 10,290.00 More or Less, in United States Currency*, No. 2:12-cv-04862, 2014 WL 1017200, *5 (S.D.W. Va. March 14, 2014) (Johnston, J.) (finding reasonable promptness where a party moved to set aside the entry of default just over two weeks after it was entered); *see also Pearson v. Giles Indus.*, No. 3:13–cv-19629, 2013 WL 6048714, at *2 (S.D.W. Va. Nov. 13, 2013) (Chambers, C.J.) (finding reasonable promptness in moving to set aside an entry for default that was entered two weeks prior). The WVDCR further asserts that there is no history of dilatory action here. [*Id.* at 10-12].

Moreover, Defendants' motion emphasizes that the WVDCR has a potentially meritorious defense against Plaintiff's claims. It asserts that Plaintiff's Americans with Disabilities Act and Rehabilitation Act claims appear to be "entirely related to medical services provided by Defendant Wexford" and fail to sufficiently allege that Plaintiff was denied a reasonable accommodation by the WVDCR. [*Id.* at 5-8]. It further asserts that, to the extent that they apply to the WVDCR, Plaintiff's

constitutional claims are vaguely pled and barred by the Eleventh Amendment. [*Id.* at 8-9].

At this stage of the proceedings, "the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor." *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). Thus, even the proffer of a tenuous proposed defense weighs in favor of granting a motion to set aside the default. *See Miller v. Cobra Enterprises of Utah, Inc.*, No. 2:18-CV-00269, 2018 WL 2392540, at *2 (S.D.W. Va. May 25, 2018) (citing *Rasmussen*, *supra*, 155 F.R.D. at 552). Additionally, Plaintiff has not opposed Defendants' motion to set aside default and, as asserted by the WVDCR, there is nothing to demonstrate that Plaintiff, or any other party, will be unduly prejudiced if its default herein is set aside, especially considering that the matter is essentially stayed until May 26, 2026. [*Id.* at 11].

For these reasons, the Court **FINDS** that the WVDCR can satisfy the good cause standard to set aside the default entered herein. Accordingly, it is hereby **ORDERED** that the WVDCR's unopposed Motion to Set Aside Default [ECF No. 40] is **GRANTED**, and the entry of default against the WVDCR is hereby set aside. The WVDCR is **ORDERED** to file an answer or other responsive pleading within 14 days. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:    April 15, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE